UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOR KORNELIUSSEN, <br> and <br> DORIS KORNELIUSSEN, H/W, <br> and <br> THOR E. KORNELIUSSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> ACADEMY COLLECTION SERVICE, INC., <br><br> Defendant. | Civil Action No. |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"). This law prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiffs Thor Korneliussen (hereafter "Plaintiff TK") and Doris Korneliussen

(hereafter "Plaintiff DK"), husband and wife, are adult individuals residing at 7 Overlook Court, Rocky Point, NY 11778.

5. Plaintiff Thor E. Korneliussen (hereafter "Plaintiff TEK") is an adult individual residing at 54 King Street, Kings Park, NY 11754.

6. Defendant Academy Collection Service, Inc. is a business entity engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.  **FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired by Citibank to collect a debt relating to consumer credit card purchases that were allegedly originally owed to Citibank by Plaintiff TEK. (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times pertinent hereto, the debt was owed only by Plaintiff TEK, who did not live with Plaintiffs TK and DK.

9. In August 2006, Defendant contacted Plaintiffs TK and DK, on numerous occasions, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. During each conversation, Defendant disclosed Plaintiff TEK's debt. During one conversation, Plaintiff TK explained the debt belonged to Plaintiff TEK, and that he did not live with Plaintiffs TK and DK. Additionally, Plaintiff TK requested that Defendant no longer contact Plaintiffs TK and DK because such calls were inconvenient to them. In response,

Defendant promised to cease the phone calls to the residence of Plaintiffs TK and DK.

11.     Notwithstanding the above, on or about September 20, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

12.     Notwithstanding the above, on or about September 21, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

13.     Notwithstanding the above, on or about September 22, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14.     Notwithstanding the above, on or about September 26, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to once more that day.

15.     Notwithstanding the above, on or about September 27, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

16.     Notwithstanding the above, on or about September 28, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

17.     Notwithstanding the above, on or about September 30, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

18.     Notwithstanding the above, on or about October 2, 2006, Defendant contacted

Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

19. Notwithstanding the above, on or about October 3, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

20. Notwithstanding the above, on or about October 4, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

21. Notwithstanding the above, on or about October 5, 2006, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

22. Notwithstanding the above, on or about October 10, 2006, for the thirteenth time since it promised to cease and desist from contacting Plaintiffs TK and DK, Defendant contacted Plaintiffs TK and DK in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff TEK, communicated with persons other than Plaintiff TEK with respect to the debt and made such communications on multiple occasions.

23. The Defendant acted in a false, deceptive, misleading and unfair manner by contacting Plaintiffs TK and DK, on multiple occasions, at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiffs TK and DK.

24. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within

compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

25.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

26.   At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.   As a result of Defendant's conduct, Plaintiffs have sustained actual damages including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiffs' credit, extreme physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

### V. **FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

28.   Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

29.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30.   Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31.   The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(10) and 1692f, as evidenced by the following conduct:

   (a) Communicating with persons other than the Plaintiff TEK that Plaintiff TEK owes a debt;

   (b) Communicating with persons other than the Plaintiff TEK on more than one occasion;

   (c) Communicating with the Plaintiffs TK and DK at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiffs TK and DK;

   (d) Communicating, in connection with the collection of a debt with persons other than the Plaintiff TEK;

   (e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

   (g) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

34. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## V.    VI.    SECOND CLAIM FOR RELIEF- INVASION OF PRIVACY
(Plaintiffs TK and DK v. Defendant)

35. Plaintiffs TK and DK incorporate the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant continuously and repeatedly contacting Plaintiffs TK and DK at Plaintiffs TK and DK's place of residence constitutes an invasion of privacy.

37. As a result of Defendant's above mentioned conduct, Plaintiffs TK and DK sustained and continue to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiffs TK and DK claim compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in their favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VII.    JURY TRIAL DEMAND

38. Plaintiffs demand trial by jury on all issues so triable.

          **RESPECTFULLY SUBMITTED,**

          **FRANCIS & MAILMAN, P.C.**

BY: /s/ JAMES A. FRANCIS
      JAMES A. FRANCIS
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

      **CONSUMER JUSTICE CENTER, P.A.**
      THOMAS J. LYONS, JR.
      342 East County Road D
      St. Paul, Minnesota 55117-1275
      Telephone: (651) 770-9707

      Attorneys for Plaintiff

DATE: March 21, 2007